UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ERIK MCDONALD, JR.,**

    Plaintiff,

-vs-                        Case No. 15-CV-1290

**CAPTAIN WOGSLAND ADAMS,
LT. JASON RUSSELL,
NURSE CATHY K, and
DOCTOR FATUNKI,**

    Defendants.

## DECISION AND ORDER

Erik McDonald, Jr., a state inmate who is representing himself, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was at the Waupaca County Jail. This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and for screening of the plaintiff's complaint (ECF No. 1).

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee unless he demonstrates that he is unable to pay an initial partial filing fee. On February 5, 2016, the plaintiff filed a letter explaining that he has

no money in his account because he has been unable to get a job at his institution. The Court accepts the plaintiff's representations about his inability to pay the initial partial filing fee and therefore waives this requirement. The plaintiff must still pay the $350 filing fee, but he may do so over time as indicated at the end of this order.

With regard to screening the plaintiff's complaint, the Court must dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous or malicious if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff

does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded

- 3 -

factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff alleges that while at Waupaca County Jail he spent thirty days in segregation. Per the rules, the plaintiff's mattress and all of his personal belongings were removed for sixteen hours per day. The plaintiff was allowed access to his mattress and personal belongings for eight hours per day, from 10:00 p.m. until 6:00 a.m.

The plaintiff claims that as a result of having no mattress to sit or lay on for sixteen hours per day, he developed "musculo-skeletal pains." (ECF No. 1 at 3.) He complained about the pain and discomfort, but the nurses and doctors refused to order that the plaintiff be given a mattress during the day. Instead, they prescribed Tylenol and ibuprofen for his pain and inflammation.

- 4 -

The plaintiff argues that the removal of his mattress for sixteen hours per day amounts to cruel and unusual punishment under the Eighth Amendment. The plaintiff is incorrect. An Eighth Amendment claim has both an objective and subjective component. To satisfy the objective component, the alleged deprivation must be "sufficiently serious." *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). In other words, "extreme deprivations" are required to make out a conditions of confinement claim. *Id.* at 683 (citations omitted).

Courts have found that short-term durations without a mattress do not rise to the level of a constitutional violation. For example, in *Stephens v. Cottey*, the Court of Appeals for the Seventh Circuit held that there was no constitutional violation where a prisoner spent three days with no mattress and slept directly on the metal bedframe. 145 Fed. Appx. 179, 180-81 (7th Cir. 2005 (unpublished). Similarly, in *Johnson v. Pelker*, the same court held that sleeping for three days on a bedframe without a mattress was not "extreme." 891 F.2d 136, 138-39 (7th Cir. 1989).

The plaintiff's allegations here are even less extreme because he concedes that his mattress was returned to him every night for eight full hours so that he could sleep. Being deprived of his mattress only during

- 5 -

waking hours is not sufficient to state a conditions of confinement claim.

The plaintiff also alleges that the medical providers were deliberately indifferent to his medical needs because they refused to order that he be given a mattress during the day and instead prescribed medication to address his pain and inflammation.

"An inmate has no claim unless the official knows of and disregards an excessive risk to inmate health or safety . . . ." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). In addition, an Eighth Amendment claim requires more than disagreement with a medical professional's medical judgment because a prisoner has no constitutional right to choose his treatment. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). An inmate that receives some form of medical care must show that the care he received was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the inmate's serious medical condition." *Snipes*, 95 F.3d at 592.

The plaintiff fails to meet this high burden. First, it is doubtful that the plaintiff's aches and pains associated with sitting on hard surfaces during the day could amount to an objectively serious condition such that it posed excessive risk to the plaintiff's health. But even putting that

- 6 -

aside, the plaintiff's complaint makes clear that the doctor prescribed medications to address the plaintiff's complaints of pain. The plaintiff did not want medication—he wanted his mattress, but this disagreement with the doctor's chosen course of treatment is insufficient to state a claim of deliberate indifference.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (ECF No. 10) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's

prison trust account the $350.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows

- 8 -

Case 2:15-cv-01290-RTR   Filed 02/24/16   Page 8 of 9   Document 11

good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2016.

**BY THE COURT:**

*[signature: Rudolph T. Randa]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**